# EXHIBIT A

**KARPF, KARPF & CERUTTI**
By: David N. Korsen, Esq.
Attorney ID: 165462015
By: Andrew R. Olcese, Esq.
Attorney ID: 293552019
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| MEZIANE SALAH<br>2269 Gettysburg Dr.<br>Vineland, NJ 08361 | SUPERIOR COURT OF<br>BURLINGTON COUNTY LAW DIV. |
|         Plaintiff, | CIVIL ACTION |
|    v. | No.: BUR-L-000460-20 |
| VIRTUA HEALTH, INC.<br>20 W. Stow Rd.<br>Marlton, NJ 08053 | **JURY TRIAL DEMANDED** |
|         Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff, Meziane Salah (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.   Introduction

1.     Plaintiff has initiated this action to redress violations by Virtua Health, Inc. (*hereinafter* referred to as "Defendant") of the New Jersey Law Against Discrimination ("NJ LAD" - N.J.S.A. 10:5-1 *et seq.*).[1] Plaintiff asserts herein *inter alia* that Defendant violated the NJ LAD and as a result, he has suffered damages outlined herein.

---

[1] Plaintiff has filed claims of disability discrimination, retaliation and failure to accommodate with the Equal Employment Opportunity Commission ("EEOC") under the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et seq.*). Plaintiff intends to amend the instance Civil Action Complaint to include such claims under the ADA once they have been administratively exhausted with the EEOC and the EEOC issues a right-to-sue letter. Plaintiff's claims under the ADA will however mirror his NJ LAD claims asserted herein.

## II.    Parties

2.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

3.    Plaintiff is an adult who resides at the above-captioned address.

4.    Defendant is a non-profit healthcare system in southern New Jersey that operates a network of hospitals, surgery centers, physician practices, fitness centers, and more. Plaintiff physically worked at Defendant's office location in Marlton, NJ.

5.    At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### III.    Factual Background

6.    The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7.    Plaintiff was hired to work for Defendant on or about August 28, 2019 as an internal auditor at its 20 W. Stow Rd., Marlton, NJ location.

8.    At all times during his employment with Defendant, Plaintiff was supervised by Bhumika Kundu (hereinafter "Kundu"), Director of Internal Audit.

9.    Plaintiff has and continues to suffer from mental health conditions, including but not limited to Major Depressive Disorder and Anxiety.

10.    Plaintiff's aforesaid health conditions, at times, limits his ability to engage in some daily life activities, including but not limited to focusing, sleeping, engaging in social interaction, and working.

2

11.     On or about September 25, 2019, Plaintiff requested accommodations for his health conditions from Defendant's Employee and Labor Relations Consultant, Judy Morris (hereinafter "Morris"). Specifically, Plaintiff gave Morris a list of 8 medical accommodations that Plaintiff thought would help him perform his job in light of his health conditions.

12.     Some of the aforesaid medical accommodations that Plaintiff requested/suggested included but were not limited to:

      a.   The ability to come into work late or leave early in order to attend medical appointments without having his absence from work negatively counted against him;

      b.   The ability to take intermittent medical leave to care for and treat for his health conditions, without having such absences negatively counted against him;

      c.   The ability to work from home, as needed, when he suffers from a flare up of his health condition;

      d.   The ability to report to work late, on occasion, as a result of his prescribed medication, which had the tendency to make Plaintiff drowsy; and

      e.   The ability to have assigned tasks/duties written out for him in step-by-step instructions so that he could better follow directions in order to complete his tasks.

13.     In response to Plaintiff's aforesaid suggested accommodations, Morris informed Plaintiff that he needed to provide Defendant with a doctor's note confirming his disabilities and need for accommodations.

3

14.    Plaintiff provided the requested doctor's note (discussed *supra*) to Morris on October 18, 2019.

15.    In the aforesaid doctor's note presented to Morris on October 18, 2019, Plaintiff's doctor confirmed Plaintiff's disabilities, symptoms, medications, and need for accommodations.

16.    Specifically, Plaintiff's doctor explained that Plaintiff had been diagnosed and was treating for Major Depressive Disorder and Anxiety and that his symptoms may include (among other things listed in the doctor's note): feelings of sadness, emptiness, or hopelessness; sobbing fits; sleep disturbances, including insomnia or sleeping too much; slowed thinking/reasoning; trouble concentrating; and trouble remembering things.

17.    Plaintiff's doctor further indicated in his aforesaid note (provided to Morris on October 18, 2019) that he supported the accommodations that had been suggested and set forth by Plaintiff in his e-mail to Morris on September 25, 2019 (discussed *supra*).

18.    After presenting Morris with his doctor's October 18, 2019 note, Plaintiff was scheduled to meet with Morris and Kundu on October 30, 2019 to further discuss his suggested accommodations.

19.    During his October 30, 2019 meeting with Kundu and Morris, Plaintiff informed both of them that he did not expect Defendant to grant all of his accommodation requests/suggestions but wanted to engage in the interactive process with them to see what could be done to accommodate his health conditions so he could better perform his job.

20.    During his October 30, 2019 meeting with Defendant's management, Kundu and Morris indicated what accommodations they could provide Plaintiff and what accommodation requests they were denying him.

4

21.    For some of the accommodation requests that were denied, Plaintiff was instructed by Morris and Kundu to have a conversation with his doctor (about the accommodation requests that could not be granted) and determine if further engagement in the interactive process was needed.

22.    Because the aforesaid October 30, 2019 meeting was a discussion focused around Plaintiff's health conditions and why he needed accommodations, Plaintiff became emotionally upset during the meeting and began to have a flare up of his mental health conditions, to the point that he broke down crying in front of Morris and Kundu.

23.    As Plaintiff was experiencing a flare-up of his mental health conditions (discussed in Paragraph 22 of this Complaint), Morris really began to indicate that she did not believe the job Plaintiff was in currently was a good fit and suggested that he go on disability or take 30 days to look for another job within Virtua. Plaintiff did not accept either of those options.

24.    Plaintiff was told during the October 30, 2019 meeting that his job was not at stake and at the end of the meeting; Morris indicated that she would touch base with Plaintiff the next week to discuss all potential options. Plaintiff was further told by Morris that if he needed to take the next day off, he could.

25.    Plaintiff left work immediately after the October 30, 2019 meeting and called off the next day because of his mental health conditions.

26.    On or about October 31st, while Plaintiff was at home treating for his mental health conditions, he received a call from Kundu and Morris stating that "after yesterday's conversation," they did not feel as if Plaintiff could work in the role for which he was hired. Kundu and Morris further stated during this telephone call that Defendant would pay Plaintiff for

Thursday and Friday, but starting Monday, November 4th, he would be placed on an unpaid (involuntary) leave and given 30 days to find a new position within Defendant.

27.    Over the next 30 days, Plaintiff looked for an alternative position within Defendant but was unable to find one.

28.    Thus, on or about December 4, 2019, Plaintiff was terminated from his employment with Defendant.

29.    Defendant therefore terminated Plaintiff's employment without allowing him to try and work with the accommodations that were provided (discussed *supra*) or without giving him the opportunity speak with his doctor about the accommodations that Defendant agreed to provide and/or denied in order to see if further engagement in the interactive process was needed.

30.    Instead, Plaintiff was abruptly placed on unpaid administrative leave and then ultimately terminated because Defendant's management did not believe he could perform in the position he had been hired for due to his health conditions.

31.    Plaintiff believes and therefore avers that he was terminated because of his actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or as a direct result of Defendant's failure to engage in the interactive process and accommodate his health conditions.

### Count I
### Violations of the New Jersey Law Against Discrimination ("NJ LAD")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff suffered from qualifying health conditions under the NJ LAD which affected his ability (at times) to perform some daily life activities – discussed *supra*.

34.     In or about September of 2019, Plaintiff approached Morris with reasonable accommodation suggestions that he thought may better help him perform his job in light of his health conditions and in October of 2019, Plaintiff presented Morris with a doctor's note supporting same.

35.     In a meeting with Morris and Kundu on October 30, 2019, which was held to discuss his suggested reasonable accommodations, Plaintiff broke down crying and in response, Morris began to suggest that Plaintiff may not be fit for his job and proposed that he go on disability or take 30 days to look for another job within Defendant.

36.     While Plaintiff was assured that his job was not at stake during the aforesaid October 30, 2019 meeting and was informed by Morris that she would call him the next week to discuss all of his options, Plaintiff was instead contacted by Morris and Kundu on October 31, 2019 and told that (1) "after yesterday's conversation," they did not feel as if Plaintiff could work in the role that he was hired for; and (2) as of November 4, 2019, Defendant was placing him on unpaid administrative leave and giving him 30 days to find a new position within Defendant.

37.     While Plaintiff looked for a different job within Defendant between November 4, 2019 and December 4, 2019, he was not able to find one and was ultimately terminated from his employment with Defendant effective December 4, 2019.

38.     Therefore, Plaintiff believes and avers that was taken out of his position, placed on unpaid administrative leave, and ultimately terminated from his employment with Defendant because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his requested accommodations; and/or (4) Defendant's failure to properly engage in the interactive process and/or accommodate Plaintiff.

39.    These actions, discussed *supra*, constitute violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, seniority, and reinstatement.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict.

C.    Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable

law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


                                        Respectfully submitted,

                                        **KARPF, KARPF & CERUTTI, P.C.**

                          By:

                                        David N. Korsen, Esq.
                                        3331 Street Road
                                        Two Greenwood Square, Suite 128
                                        Bensalem, PA 19020
                                        (215) 639-0801

Dated: February 24, 2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
David N. Korsen, Esq.

## RULE 4:5-1 CERTIFICATION

1.   I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.   I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
David N. Korsen, Esq.

## DESIGNATION OF TRIAL COUNSEL

David N. Korsen, Esquire, of the law firm of Karpf, Karpf, & Cerutti, is hereby designated trial counsel.

KARPF, KARPF, & CERUTTI, P.C.

By: _____
David N. Korsen, Esq.

10

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY          NJ 08060

                                   TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 288-9500
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   FEBRUARY 24, 2020
                    RE:     SALAH MEZIANE  VS VIRTUA HEALTH, INC.
                    DOCKET: BUR L -000460 20

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON SUSAN L. CLAYPOOLE

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (609) 288-9500.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                             ATT: DAVID N. KORSEN
                             KARPF, KARPF & CERUTTI, PC
                             3331 STREET RD
                             TWO GREENWOOD SQUARE   STE 128
                             BENSALEM         PA 19020

ECOURTS

BUR-L-000460-20   02/24/2020 1:51:53 PM  Pg 1 of 2 Trans ID: LCV2020378934

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-000460-20**

**Case Caption:** SALAH MEZIANE  VS VIRTUA HEALTH, INC.

**Case Initiation Date:** 02/24/2020

**Attorney Name:** DAVID NATHANIEL KORSEN

**Firm Name:** KARPF, KARPF & CERUTTI, PC

**Address:** 3331 STREET RD TWO GREENWOOD SQUARE STE 128

BENSALEM PA 19020

**Phone:** 2156390801

**Name of Party:** PLAINTIFF : SALAH, MEZIANE

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/24/2020                                                  /s/ DAVID NATHANIEL KORSEN
Dated                                                            Signed

BUR-L-000460-20   02/24/2020 1:51:53 PM  Pg 2 of 2 Trans ID: LCV2020378934

# EXHIBIT B

**SUMMONS**

Attorney(s)  Karpf, Karpf & Cerutti, P.C.

Office Address  3331 Street Road

Town, State, Zip Code  Two Greenwood Square, Suite 128

Bensalem, PA 19020

Telephone Number  (215) 639-0801

Attorney(s) for Plaintiff  David N. Korsen, Esq.

Meziane Salah

Plaintiff(s)

Vs.

Virtua Health, Inc.

Defendant(s)

RECEIVED

FEB 2 6 2020

**Superior Court of** ~~Cr~~

**New Jersey**

Burlington    COUNTY

Civil    DIVISION

Docket No:  BUR-L-000460-20

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ  08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED:  2/25/2020

Name of Defendant to Be Served:  Virtua Health, Inc.

Address of Defendant to Be Served:  20 W. Stow Road, Marlton, NJ 08053

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

# Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5ᵗʰ Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

MEZIANE SALAH                                    Plaintiff

            vs.

VIRTUA HEALTH, INC.                              Defendant

Superior Court of New Jersey
Venue:    SUPERIOR COURT OF NEW JERSEY BURLINGTON
          COUNTY
Docket Number:   BUR-L-000460-20

**Person to be Served** (Name & Address) :

VIRTUA HEALTH, INC.
303 LIPPINCOTT DR, MARLTON, NJ 08053

**AFFIDAVIT OF SERVICE**
(For use by Private Service)

**Attorney:**

KARPF, KARPF & CERUTTI, P.C.
KRISTIN STIPA
TWO GREENWOOD SQUARE 3331 STREET RD SUITE 128
BENSALEM, PA 19020

Cost of Service pursuant to R. 4:4-3(c)

_____

**Papers Served:**

CIVIL ACTION SUMMONS, TRACK ASSIGNMENT NOTICE, CIVIL CASE INFORMATION STATEMENT, JURY TRIAL DEMANDED, CIVIL ACTION
COMPLAINT, RULE 4:5-1 CERTIFICATION AND DESIGNATION OF TRIAL COUNSEL (Received Feb 26, 2020 at 11:57am EST)

**Service Data:**

Served Successfully    [ X ]        Not Served  [   ]        Date  Wed, Feb 26 2020       Time:        01:30 PM
                                                                                          Attempts:    1

[   ]  Delivered a copy to him / her personally

[   ]  Left a copy with a competent household
       member over 14 years of age residing
       therein (indicate name & relationship at right)

[ X ]  Left a copy with a person authorized to
       accept service, e.g., management agent,
       registered agent, etc.
       (indicate name & official title at right)

Name of Person Served and relationship or title
CARMEN MARTINEZ, LEGAL SERVICES COORDINATOR

_____

_____

**Description of Person Accepting Service:**

Sex:  Female       Age:  40       Height:  5'2"       Weight:  140       Skin Color:  African       Hair Color:  Black
                                                                                      American

**Unserved:**

[   ]  Defendant is unknown at the address furnished by the attorney
[   ]  All reasonable inquiries suggest defendant moved to an undetermined address
[   ]  No such street in municipality
[   ]  No response on:  Date: _____       Date: _____
                        Time: _____       Time: _____
[   ]  Other: _____                       Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
_26_ day of _February 20th_

Notary Signature _(signature)_
Name of Notary, commission expiration.

I, Dan Stein, was at the time of service a competent adult and not
having a direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

_(signature)_ Dan Stein

02/26/2020

*Dan Stein, 421 N 7TH ST SUITE 422, PHILADELPHIA, PA 19123, 866-331-4220*
COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

Revised 9/30/2002, CN 10516-English

Affidavit of Service (9/30/2002)

page 1 of 1

Notary Signature
Name of Notary, commission expiration.

02/26/2020

*Dan Stein, 421 N 7TH ST SUITE 422, PHILADELPHIA , PA 19123, 866-331-4220*

Affidavit of Service (9/30/2002)

Revised 9/30/2002, CN 10516-English

page 1 of 1

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

# EXHIBIT C

| MEZIANE SALAH | | Plaintiff | Superior Court of New Jersey |
| | vs. | | Venue:   SUPERIOR COURT OF NEW JERSEY BURLINGTON COUNTY |
| VIRTUA HEALTH, INC. | | Defendant | Docket Number:   BUR-L-000460-20 |

**Person to be Served** (Name & Address) :

VIRTUA HEALTH, INC.
303 LIPPINCOTT DR, MARLTON, NJ 08053

**AFFIDAVIT OF SERVICE**

(For use by Private Service)

**Attorney:**

KARPF, KARPF & CERUTTI, P.C.
BREANNA WHERRITY
TWO GREENWOOD SQUARE 3331 STREET RD SUITE 128
BENSALEM, PA 19020

Cost of Service pursuant to R. 4:4-3(c)

_____

**Papers Served:**

CIVIL ACTION SUMMONS, AMENDED CIVIL ACTION COMPLAINT, JURY TRIAL DEMANDED, RULE 4:5-1 CERTIFICATION AND DESIGNATION OF TRIAL COUNSEL (Received Mar 18, 2020 at 10:01am EDT)

**Service Data:**

Served Successfully [ X ]     Not Served [ ]     Date  Wed, Mar 18 2020     Time:     02:00 PM
                                                                                         Attempts:     1

[ ] Delivered a copy to him / her personally

[ ] Left a copy with a competent household member over 14 of age residing therein (indicate name & relationship at right)

[ X ] Left a copy with a person authorized to accept service, e.g., management agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship or title

THERESA RONCACE, LEGAL SECRETARY

_____

_____

**Description of Person Accepting Service:**

Sex: Female     Age: 37     Height: 5'4"     Weight: 105     Skin Color: Caucasian     Hair Color: Brown

**Unserved:**

[ ] Defendant is unknown at the address furnished by the attorney

[ ] All reasonable inquiries suggest defendant moved to an undetermined address

[ ] No such street in municipality

[ ] No response on:  Date: _____     Date: _____
                              Time: _____     Time: _____

[ ] Other: _____     Comments or Remarks _____

**Server Data:**

Subscribed and Sworn to me this
_____ day of _____

Notary Signature _____
Name of Notary, commission expiration.

I, Dan Stein, was at the time of service a competent adult and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

Dan Stein                                                                                                03/19/2020

*Dan Stein, 421 N 7TH ST SUITE 422, PHILADELPHIA , PA 19123, 866-331-4220*

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021



# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW



Received

MAR 1 8 2020

Virtua Office of the
General Counsel

Two Greenwood Square
3331 Street Road, Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
dkorsen@karpf-law.com

March 17, 2020

SENT VIA PROCESS SERVER

Virtua Health, Inc.
303 Lippincott Drive
Marlton, NJ 0853

      Re:    Meziane Salah v. Virtua Health, Inc.
             Case No.: BUR-L-000460-20

To Whom It May Concern:

    Enclosed please find Plaintiff's First Amended Civil Action Complaint which was filed in the above reference matter on March 17, 2020.

    Thank you.

                              Respectfully submitted,

                              KARPF, KARPF & CERUTTI, P.C.

                              /s/ David N. Korsen

                              David N. Korsen, Esq.

Encl.

**SUMMONS**

Attorney(s)  Karpf, Karpf & Cerutti, P.C.

Office Address  3331 Street Road

Town, State, Zip Code  Two Greenwood Square, Suite 128

Bensalem, PA 19020

Telephone Number  (215) 639-0801

Attorney(s) for Plaintiff  David N. Korsen, Esq.

Meziane Salah

_____

Plaintiff(s)

Vs.

Virtua Health, Inc.

_____

Defendant(s)

**Superior Court of
New Jersey**

Burlington    COUNTY

Civil    DIVISION

Docket No:  BUR-L-000460-20

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptvclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptvclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED:  3/17/2020

Name of Defendant to Be Served: Virtua Health, Inc.

Address of Defendant to Be Served:  303 Lippincott Drive, Marlton, NJ 08053

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl.,  Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records,  Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

Directory of Superior Court Deputy Clerk's Offices / County Lawyer Referral and Legal Services
Revised 08/21/2013, CN: 10153

Page 1 of 3

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

**KARPF, KARPF & CERUTTI**
By: David N. Korsen, Esq.
Attorney ID: 165462015
By: Andrew R. Olcese, Esq.
Attorney ID: 293552019
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
P - (215) 639-0801
F - (215) 639-4970

| | |
|---|---|
| MEZIANE SALAH : | |
| 2269 Gettysburg Dr. : | SUPERIOR COURT OF |
| Vineland, NJ 08361 : | BURLINGTON COUNTY LAW DIV. |
| : | |
| Plaintiff, : | CIVIL ACTION |
| v. : | |
| : | No.: BUR-L-000460-20 |
| VIRTUA HEALTH, INC. : | |
| 20 W. Stow Rd. : | **JURY TRIAL DEMANDED** |
| Marlton, NJ 08053 : | |
| : | |
| Defendant. : | |

## FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Meziane Salah (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.   Introduction

1.      Plaintiff has initiated this action to redress violations by Virtua Health, Inc. (*hereinafter* referred to as "Defendant") of the New Jersey Law Against Discrimination ("NJ LAD" - N.J.S.A. 10:5-1 *et. seq.*) and the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*). Plaintiff asserts herein *inter alia* that Defendant violated the NJ LAD and ADA, and as a result, he has suffered damages outlined herein.

## II. **Parties/Jurisdiction**

2.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

3.      Plaintiff is an adult who resides at the above-captioned address.

4.      Defendant is a non-profit healthcare system in southern New Jersey that operates a network of hospitals, surgery centers, physician practices, fitness centers, and more. Plaintiff physically worked at Defendant's office location in Marlton, NJ.

5.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

6.      Plaintiff is proceeding herein after properly exhausting all administrative remedies with respect to his ADA claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right-to-sue letter from the EEOC.

## III. **Factual Background**

7.      The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

8.      Plaintiff was hired to work for Defendant on or about August 28, 2019 as an internal auditor at its 20 W. Stow Rd., Marlton, NJ location.

9.      At all times during his employment with Defendant, Plaintiff was supervised by Bhumika Kundu (hereinafter "Kundu"), Director of Internal Audit.

10.     Plaintiff has and continues to suffer from mental health conditions, including but not limited to Major Depressive Disorder and Anxiety.

2

11.     Plaintiff's aforesaid health conditions, at times, limits his ability to engage in some daily life activities, including but not limited to focusing, sleeping, engaging in social interaction, and working.

12.     On or about September 25, 2019, Plaintiff requested accommodations for his health conditions from Defendant's Employee and Labor Relations Consultant, Judy Morris (hereinafter "Morris"). Specifically, Plaintiff gave Morris a list of 8 medical accommodations that Plaintiff thought would help him perform his job in light of his health conditions.

13.     Some of the aforesaid medical accommodations that Plaintiff requested/suggested included but were not limited to:

          a.   The ability to come into work late or leave early in order to attend medical appointments without having his absence from work negatively counted against him;

          b.   The ability to take intermittent medical leave to care for and treat for his health conditions, without having such absences negatively counted against him;

          c.   The ability to work from home, as needed, when he suffers from a flare up of his health condition;

          d.   The ability to report to work late, on occasion, as a result of his prescribed medication, which had the tendency to make Plaintiff drowsy; and

          e.   The ability to have assigned tasks/duties written out for him in step-by-step instructions so that he could better follow directions in order to complete his tasks.

3

14.     In response to Plaintiff's aforesaid suggested accommodations, Morris informed Plaintiff that he needed to provide Defendant with a doctor's note confirming his disabilities and need for accommodations.

15.     Plaintiff provided the requested doctor's note (discussed *supra*) to Morris on October 18, 2019.

16.     In the aforesaid doctor's note presented to Morris on October 18, 2019, Plaintiff's doctor confirmed Plaintiff's disabilities, symptoms, medications, and need for accommodations.

17.     Specifically, Plaintiff's doctor explained that Plaintiff had been diagnosed and was treating for Major Depressive Disorder and Anxiety and that his symptoms may include (among other things listed in the doctor's note): feelings of sadness, emptiness, or hopelessness; sobbing fits; sleep disturbances, including insomnia or sleeping too much; slowed thinking/reasoning; trouble concentrating; and trouble remembering things.

18.     Plaintiff's doctor further indicated in his aforesaid note (provided to Morris on October 18, 2019) that he supported the accommodations that had been suggested and set forth by Plaintiff in his e-mail to Morris on September 25, 2019 (discussed *supra*).

19.     After presenting Morris with his doctor's October 18, 2019 note, Plaintiff was scheduled to meet with Morris and Kundu on October 30, 2019 to further discuss his suggested accommodations.

20.     During his October 30, 2019 meeting with Kundu and Morris, Plaintiff informed both of them that he did not expect Defendant to grant all of his accommodation requests/suggestions but wanted to engage in the interactive process with them to see what could be done to accommodate his health conditions so he could better perform his job.

21.     During his October 30, 2019 meeting with Defendant's management, Kundu and Morris indicated what accommodations they could provide Plaintiff and what accommodation requests they were denying him.

22.     For some of the accommodation requests that were denied, Plaintiff was instructed by Morris and Kundu to have a conversation with his doctor (about the accommodation requests that could not be granted) and determine if further engagement in the interactive process was needed.

23.     Because the aforesaid October 30, 2019 meeting was a discussion focused around Plaintiff's health conditions and why he needed accommodations, Plaintiff became emotionally upset during the meeting and began to have a flare up of his mental health conditions, to the point that he broke down crying in front of Morris and Kundu.

24.     As Plaintiff was experiencing a flare-up of his mental health conditions (discussed in Paragraph 22 of this Complaint), Morris really began to indicate that she did not believe the job Plaintiff was in currently was a good fit and suggested that he go on disability or take 30 days to look for another job within Virtua. Plaintiff did not accept either of those options.

25.     Plaintiff was told during the October 30, 2019 meeting that his job was not at stake and at the end of the meeting; Morris indicated that she would touch base with Plaintiff the next week to discuss all potential options. Plaintiff was further told by Morris that if he needed to take the next day off, he could.

26.     Plaintiff left work immediately after the October 30, 2019 meeting and called off the next day because of his mental health conditions.

27.     On or about October 31st, while Plaintiff was at home treating for his mental health conditions, he received a call from Kundu and Morris stating that "after yesterday's

conversation," they did not feel as if Plaintiff could work in the role for which he was hired. Kundu and Morris further stated during this telephone call that Defendant would pay Plaintiff for Thursday and Friday, but starting Monday, November 4th, he would be placed on an unpaid (involuntary) leave and given 30 days to find a new position within Defendant.

28.    Over the next 30 days, Plaintiff looked for an alternative position within Defendant but was unable to find one.

29.    Thus, on or about December 4, 2019, Plaintiff was terminated from his employment with Defendant.

30.    Defendant therefore terminated Plaintiff's employment without allowing him to try and work with the accommodations that were provided (discussed *supra*) or without giving him the opportunity speak with his doctor about the accommodations that Defendant agreed to provide and/or denied in order to see if further engagement in the interactive process was needed.

31.    Instead, Plaintiff was abruptly placed on unpaid administrative leave and then ultimately terminated because Defendant's management did not believe he could perform in the position he had been hired for due to his health conditions.

32.    Plaintiff believes and therefore avers that he was terminated because of his actual/perceived/record of disabilities, in retaliation for requesting reasonable accommodations, and/or as a direct result of Defendant's failure to engage in the interactive process and accommodate his health conditions.

**Count I**
**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

33.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff suffered from qualifying health conditions under the NJ LAD which affected his ability (at times) to perform some daily life activities – discussed *supra*.

35.     In or about September of 2019, Plaintiff approached Morris with reasonable accommodation suggestions that he thought may better help him perform his job in light of his health conditions and in October of 2019, Plaintiff presented Morris with a doctor's note supporting same.

36.     In a meeting with Morris and Kundu on October 30, 2019, which was held to discuss his suggested reasonable accommodations, Plaintiff broke down crying and in response, Morris began to suggest that Plaintiff may not be fit for his job and proposed that he go on disability or take 30 days to look for another job within Defendant.

37.     While Plaintiff was assured that his job was not at stake during the aforesaid October 30, 2019 meeting and was informed by Morris that she would call him the next week to discuss all of his options, Plaintiff was instead contacted by Morris and Kundu on October 31, 2019 and told that (1) "after yesterday's conversation," they did not feel as if Plaintiff could work in the role that he was hired for; and (2) as of November 4, 2019, Defendant was placing him on unpaid administrative leave and giving him 30 days to find a new position within Defendant.

38.     While Plaintiff looked for a different job within Defendant between November 4, 2019 and December 4, 2019, he was not able to find one and was ultimately terminated from his employment with Defendant effective December 4, 2019.

39.     Therefore, Plaintiff believes and avers that was taken out of his position, placed on unpaid administrative leave, and ultimately terminated from his employment with Defendant because of: (1) his known and/or perceived health problems; (2) his record of impairment; (3) his

7

requested accommodations; and/or (4) Defendant's failure to properly engage in the interactive process and/or accommodate Plaintiff.

40.     These actions, discussed *supra*, constitute violations of the NJ LAD.

## COUNT II
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff reasserts each and every allegation from Count I of this First Amended Complaint, as such constitute identical violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, seniority, and reinstatement.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict.

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

8

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.     Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:     */s/ David N. Korsen*
        David N. Korsen, Esq.
        3331 Street Rd.
        Two Greenwood Square, Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated:  March 17, 2020

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**KARPF, KARPF, & CERUTTI, P.C.**

By:     */s/ David N. Korsen*
        David N. Korsen, Esq.

## RULE 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey, and I am responsible for the above-captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**KARPF, KARPF, & CERUTTI, P.C.**

By:     */s/ David N. Korsen*
        David N. Korsen, Esq.

## DESIGNATION OF TRIAL COUNSEL

David N. Korsen, Esquire, of the law firm of Karpf, Karpf, & Cerutti, is hereby designated trial counsel.

**KARPF, KARPF, & CERUTTI, P.C.**

By:     */s/ David N. Korsen*
        David N. Korsen, Esq.